1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  JENNIFER L. YAZDI (SBN 301868)
   jyazdi@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625

6

7  Attorneys for Defendant
   Cavalry Portfolio Services, LLC

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12 JOEL ABAYA,                     )  CASE NO.: 15-1146
                                   )
13          Plaintiff,             )
                                   )  **NOTICE OF REMOVAL**
14                                 )
                                   )
15      vs.                        )
                                   )
16                                 )
   CAVALRY PORTFOLIO               )
17 SERVICES, LLC,                  )
                                   )
18          Defendant.             )
   _____)

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Cavalry Portfolio Services, LLC ("Defendant") hereby removes to this Court the state court action described below.

1.      On September 15, 2015, a complaint was filed against Defendant by plaintiff Joel Abaya ("Plaintiff"), in an action pending in Superior Court of the State of California in and for the County of Solano, entitled *Joel Abaya v. Cavalry Portfolio Services, LLC*, Case No. FCM-147283.  A copy of the state court complaint ("Complaint"), and other documents that were served on Defendant are attached hereto as **Exhibit A**.

2.      This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was served on October 7, 2015, as reflected on the Service of Process transmittal that are attached hereto as **Exhibit B**.

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the Complaint asserts claims against Defendant arising under 28 U.S.C. §§ 1692, *et seq.* (the "Fair Debt Collection Practices Act"), and 15 U.S.C. §§ 227, *et seq.* (the "Telephone Consumer Protection Act").  *See* Ex. A, ¶¶ 1-3, 14-16, 18, 21, 23.

4.      As the Complaint was filed in the Superior Court of the State of California, County of Solano, venue in this District Court is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (The Eastern District, Sacramento Division comprises the counties of, inter alia, Solano).

5.      Defendant is represented by the undersigned.

//

//

//

1   DATED: November 4, 2015          SIMMONDS & NARITA LLP
                                     JEFFREY A. TOPOR
2                                    JENNIFER L. YAZDI

3

4
                                 By:   /s/Jennifer Yazdi
5                                      Jennifer L. Yazdi
                                       Attorneys for Defendant
6                                      Cavalry Portfolio Services, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

# COPY

```
ccT c 7 2015
```

| | |
|---|---|
| 1 | Todd M. Friedman (216752) |
| 2 | Suren N. Weerasuriya (278521) |
| | Adrian R. Bacon (280332) |
| 3 | Law Offices of Todd M. Friedman, P.C. |
| | 324 S. Beverly Dr. #725 |
| 4 | Beverly Hills, CA 90212 |
| 5 | Phone: 877-206-4741 |
| | Fax: 866-633-0228 |
| 6 | tfriedman@attorneysforconsumers.com |
| | sweerasuriya@attorneysforconsumers.com |
| 7 | abacon@attorneysforconsumers.com |
| 8 | **Attorney for Plaintiff** |

ENDORSED FILED
Clerk of the Superior Court

SEP 1 5 2015

J. SAPP-CHUN

By_____
DEPUTY CLERK

ASSIGNED TO
JUDGE   PAUL L. BEEMAN
FOR ALL PURPOSES

OCT 07 2015

11:32

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SOLANO
### LIMITED JURISDICTION

| | |
|---|---|
| | ) Case No. FCM147283 |
| | ) |
| | ) |
| **JOEL ABAYA,** | ) **(Amount not to exceed $10,000)** |
| | ) |
| Plaintiff, | ) 1. Violation of Rosenthal Fair Debt |
| | )    Collection Practices Act |
| vs. | ) 2. Violation of federal Fair Debt |
| | )    Collection Practice Act |
| **CAVALRY PORTFOLIO SERVICES,** | ) 3. Violation of Telephone Consumer |
| **LLC,** | )    Protection Act |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's

violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

(hereinafter "RFDCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

(hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.*
(hereinafter "TCPA").

## II. PARTIES

2.      Plaintiff, Joel Abaya ("Plaintiff"), is a natural person residing in Solano County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h), and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3.      At all relevant times herein, Defendant, Cavalry Portfolio Services, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f); and as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c), and as defined by the FDCPA, 15 U.S.C. §1692a(6). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5.      On approximately December of 2014, Defendant began contacting Plaintiff concerning an alleged debt owed. Defendant called Plaintiff on Plaintiff's cellular telephone number ending in -5222.

6.      Defendant began numerously calling Plaintiff regarding an alleged debt owed. The calls from Defendant were so numerous, frequent, and repetitive that Plaintiff felt harassed

by said calls. The number, pattern, and frequency of calls to Plaintiff also evidences Defendant's intent to harass Plaintiff.

7.      Furthermore, during all relevant times, Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

8.      Prior to being contacted via an "automatic telephone dialing system," Plaintiff had revoked any and all consent to be contacted via an "automatic telephone dialing system," to the extent any existed.

9.      Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

10.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

11.     During all relevant times, Defendant did not have Plaintiff's consent to be contacted via an "automated telephone dialing system."

12.     Additionally, Defendant failed to send the notices required by 15 U.S.C. Section 1692g, during the initial communication, or within five (5) days thereof.

13.     On or around June 4, 2015, Plaintiff sent Defendant a notice letter regarding legal representation. Defendant has failed to respond at this time.

14.     Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

      a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

      b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

c) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof 1692g(a));

d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

15. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16. As a result of the above violations of the FDCPA, RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

       A.    Actual damages;

       B.    Statutory damages for willful and negligent violations;

       C.    Costs and reasonable attorney's fees;

       D.    For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FAIR DEBT
COLLECTION PRACTICES ACT**

19.    PLAINTIFF reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

       A.    Actual damages;
       B.    Statutory damages;
       C.    Costs and reasonable attorney's fees; and,
       D.    For such other and further relief as may be just and proper.

**COUNT III: VIOLATION OF TELEPHONE
CONSUMER PROTECTION ACT**

20.    Plaintiff incorporates by reference all of the preceding paragraphs.

21.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22.    As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*,

Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

23.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

25.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B.  As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C.  Any and all other relief that the Court deems just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 15th day of September, 2015.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# COPY

## BY FAX

**SUM-100**

## SUMMONS
### (CITACIÓN JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAVALRY PORTFOLIO SERVICES, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOEL ABAYA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Solano County | **CASE NUMBER:**<br>*(Número del Caso):*<br>FCM147283 |
|---|---|

580 Texas St.
Fairfield, Ca 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE: SEP 15 2015 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* J. SAPP-CHUN | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**ASSIGNED TO JUDGE PAUL L. BEEMAN FOR ALL PURPOSES**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*Page 1 of 1*

[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# COPY

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Joel Abaya | **FOR COURT USE ONLY**<br><br>**ENDORSED FILED**<br>Clerk of the Superior Court<br><br>SEP 15 2015<br><br>By   J. SAPP-CHUN<br>DEPUTY CLERK |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Solano
STREET ADDRESS: 580 Texas St.
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield 94533
BRANCH NAME: Old Solano Courthouse

**CASE NAME:**
Joel Abaya v. Cavalry Portfolio Services, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** FCM147283 |
|---|---|---|---|
| ☐ Unlimited<br>(Amount demanded exceeds $25,000) | ☑ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: PAUL L. BEEMAN<br>DEPT: 1 |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify):* 3
**5.** This case ☐ is   ☑ is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: September 15, 2015

Todd M. Friedman
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**BY FAX**



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

## CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   JOEL ABAYA

Defendant(s):  CAVALRY PORTFOLIO SERVICES, LLC.

Case No.  FCM147283

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE.

Date: JANUARY 12, 2016          Time: 8:30 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:  Judge Paul L. Beeman
Department 1

ALL HEARINGS WILL BE HELD AT:   580 Texas Street, Fairfield, CA 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

(1)  Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2)  Service and filing of responsive pleading must be within thirty (30) days after service of the complaint.
The time for filing responsive pleading may not be extended except as authorized by Government Code
section 68616. *Appearance at the Case Management Conference does not excuse a litigant from
the requirement of filing and serving a responsive pleading within this deadline.*

(3)  Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with
the complaint.

(4)  Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference
One* on each cross-defendant with the cross-complaint.

(5)  Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it.

(6)  A *Case Management Statement* shall be filed with the court and served on all parties by each counsel
by the 15th calendar day before the date set for Case Management Conference One.

(7)  At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE

(8)  At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9)  Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10)  At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case.  This applies equally to both attorneys of record and specially-appearing counsel.

(11)  The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

---

**COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION**

---

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑   I personally served the person named below on (*date*): _____ 9/15/15 _____ at

   (*time*) _____ 1:20PM _____.

   Name: _____ JOAQUIA FONTENOT _____

   ☐ Party      ☐ Attorney of Record      ☑ Representative

   | I, _____ JOAQUIA FONTENOT _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.* |
   |---|
   | Date: ___ 9/15/15 ___   _____ |
   | Signature |

☐   I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date:  SEPTEMBER 15, 2015

Clerk of the Court
Superior Court of California, County of Solano

J. SAPP-CHUN

By: _____

Deputy Clerk

---

Exhibit B

**CT Corporation**

| | |
|---|---|
| **TO:** | Stephanie Griffin<br>Cavalry Portfolio Services LLC<br>500 Summit Lake Dr Ste 400<br>Valhalla, NY 10595-2322 |
| **RE:** | **Process Served in California** |
| **FOR:** | Cavalry Portfolio Services, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOEL ABAYA, Pltf. vs. CAVALRY PORTFOLIO SERVICES, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Complaint, Summons, Cover Sheet, Notice |
| **COURT/AGENCY:** | Solano County - Superior Court - Fairfield, CA<br>Case # FCM147283 |
| **NATURE OF ACTION:** | Unfair debt collection practices in violation of various acts |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/07/2015 at 11:32 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Todd M Friedman<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212<br>877-206-4741 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2015, Expected Purge Date: 10/13/2015<br><br>Image SOP<br><br>Email Notification,  Terry Rivera  TWRivera@cavps.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / JP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.